**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **TERINAE RENAE BROWN, #30881-077,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **3:06-CV-1423-P** |
| | ) | **ECF** |
| **WARDEN OF FMC CARSWELL,** | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  On January 23, 2006, Petitioner submitted a letter to Honorable Jorge A Solis, the trial judge in her federal criminal case, alleging that she had not received credit for her detention from April 1997, until November 1998, and seeking advise on what she should do. On August 10, 2006, the letter was construed as a habeas corpus action pursuant to 28 U.S.C. § 2241, *et seq*, and assigned this cause number.[1]

Parties:  Petitioner is presently confined at the Federal Medical Center Carswell in Fort Worth, Texas.  Named as Respondent on the docket sheet is the Warden of FMC Fort Worth. The Court did not issue process in this case pending preliminary screening.

---

[1]    Since Petitioner's letter only sought legal advice, which courts lack the authority to give, no filing fee will be assessed for this case.

Procedural History:  On July 29, 1997, Petitioner was indicted on two counts (Counts 2 and 6 of a multi-count indictment) for using and carrying a firearm during a crime of violence and aiding and abetting in violation of 18 U.S.C. § 924(c)(1) & 2.  United States v. Terina Renae Brown, No. 3:97-CR-245-P(02).  On August 27, 1997, Petitioner pled guilty to both counts pursuant to a plea agreement, and on November 10, 1997, she was sentenced to sixty months imprisonment on Count 2, and 120 months on Count 6 to run consecutively.  Petitioner did not appeal.

Findings and Conclusions:  Petitioner's letter seeks legal advise on how to obtain credit toward her federal sentence for time served, at least in part, prior to the date of her judgment of conviction.  Courts are not permitted to give legal advisory opinions to prospective or pending litigants.  Therefore, her request for legal advice should be dismissed for want of jurisdiction.

Alternatively, the Court construes Petitioner's letter as a request for time credit.  See United States v. Weathersby, 958 F.2d 65, 66 (5th Cir. 1992) (defendant's motion to correct his sentence, in which he sought credit against sentence for time spent on bond pending trial, could be construed as a proper motion for habeas corpus relief where defendant's district of incarceration was the same as the district of conviction).

18 U.S.C. § 3585(b) provides that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences..."

Although § 3585 does not refer to the Attorney General, a petitioner must exhaust his administrative remedies before seeking judicial review.  See United States v. Wilson, 503 U.S. 329, 335, 112 S.Ct. 1351, 1355, 117 L.Ed.2d 593 (1992) (prisoners may seek administrative

review of the computations of their credit, <u>see</u> 28 C.F.R. §§ 542.10-542.16 (1990), and, once

they have exhausted their administrative remedies, they may pursue judicial review of these

computations); <u>United States v. Dowling</u>, 962 F.2d 390, 393 (5th Cir. 1992).

The letter filed in this case is silent as to whether Petitioner has exhausted her

administrative remedies.  Therefore, this case should be dismissed without prejudice for failure

to exhaust administrative remedies.

<u>RECOMMENDATION:</u>

For the foregoing reasons, it is recommended that insofar as Petitioner seeks legal advice,

that her request be DISMISSED for lack jurisdiction, and that insofar as Petitioner seeks review

of her time credit computation, that her request be DISMISSED without prejudice for failure to

exhaust administrative remedies.

A copy of this recommendation will be mailed to Petitioner.

Signed this 14th day of August, 2006.

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

<u>NOTICE</u>

In the event that you wish to object to this recommendation, you are hereby notified that
you must file your written objections within ten days after being served with a copy of this
recommendation.  Pursuant to <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415 (5th Cir.
1996) (<u>en banc</u>), a party's failure to file written objections to these proposed findings of fact and
conclusions of law within such ten-day period may bar a *de novo* determination by the district
judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds
of plain error, from attacking on appeal the unobjected to proposed findings of fact and
conclusions of law accepted by the district court.